# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY STONE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 06-160-RAW-KEW |
| | ) |
| MIKE MULLINS, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, challenging the Department of Corrections' failure to restore his revoked earned credits. The record shows that petitioner has been issued three misconduct reports since his incarceration began, and resulting punishment for the offenses included the revocation of earned credits. Petitioner filed a Request to Staff on December 19, 2005, asking for restoration of his revoked earned credits. The response stated that petitioner had a Class X misconduct, and DOC OP-060211 did not allow earned credit restoration for inmates with a Class X misconduct. Petitioner next filed a grievance, and the response reiterated the relevant DOC policy that disallows earned credit restoration when the inmate has a Class X misconduct. His appeal to the Director's Designee was denied, because he failed to substantiate the appeal with any authority for error.

The respondent alleges, among other things, that DOC staff have absolute discretion in determining whether revoked earned credits are restored. The restoration of earned credits is allowed, but the applicable statute states the earned credits "may" be restored by the warden. Okla. Stat. tit. 57, § 138(A). The facility head can exercise his discretion, however, only "upon approval of the classification committee." *Id*. There is no entitlement to restoration.

It is well settled that there is no protected interest when the benefit conferred is within the discretion of the person or entity making the decision. *Meachum v. Fano*, 427 U.S. 215 (1976); *Kentucky Dep't of Corrections*, 490 U.S. 454 (1989). A protected liberty interest exists only when the state has placed "substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Here, the statute does not mandate any outcome. Instead, under § 138(A) the warden has discretion to determine whether any earned credits will be restored. Therefore, petitioner has failed to demonstrate he is entitled to habeas corpus relief.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this <u>4th</u> day of January 2008.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**